SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CASE NO.:

2012 OCT 24 PM 12:48
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
FILED
CLERK

| | |
|---|---|
| SHAMIKA DANIELS,<br>Plaintiff,<br>v.<br>TRANS UNION, LLC,<br>Defendant. | **COMPLAINT**<br>CV 12 5326<br>**JURY TRIAL DEMANDED**<br>DEARIE, J. |

LEVY, M.J.

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendant TRANS UNION, LLC, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorneys fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C §1681 *et seq.*, and for the common law tort of defamation.

**JURISDICTION**

2. The jurisdiction of this Court is conferred by 15 U.S.C § 1681(p) and 28 U.S.C 1367.
3. The Plaintiff is a natural person and resident of the State of New York. She is a "consumer" as defined by 15 U.S.C § 1681 a(c).

## ALLEGATIONS AS TO PARTIES

4. Upon information and belief, TRANS UNION, LLC ("Trans Union") is a limited liability company with its principal place of business is located within Chicago, Illinois and authorized to do business in the State of New York through its registered offices at the Prentice Hall Corporation System, Inc., 80 State Street, Albany, New York, 12207.

5. Upon information and belief, Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C § 1681(d) to third parties.

6. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

7. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

8. On or about April 27, 2009, a judgment was entered against Plaintiff and for Citiwide Auto Leasing Inc., in the Civil Court of the City of New York, County of Kings.

9. On or about May 21, 2009, said judgment against Plaintiff was satisfied (Exhibit "A").

10. On or about March 15, 2012 Plaintiff requested and received a copy of her credit file compiled and maintained by Trans Union (the "Trans Union credit report").

11. Within the Trans Union credit report, Trans Union reported that the judgment entered against Plaintiff and for Citiwide Auto Leasing Inc., was not satisfied.

12. This representation was false. Plaintiff had indeed satisfied the judgment rendered against her.

13. On or about March 21, 2012, April 16, 2012, July 2, 2012 and September 4, 2012, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the erroneous representations on her credit file.

14. Trans Union responded to Plaintiff's dispute letters, claiming the information was reported correctly (Exhibit "B").

15. Upon the Plaintiff's request for verification and correction, and in accordance with its standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the judgment representation.

16. In the alternative to the allegation that Trans Union failed to contact the creditors and/or creditors' attorneys, it is alleged that Trans Union did not forward some notice of the dispute to the creditors and/or creditors' attorneys.

17. Trans Union failed to conduct a reasonable investigation by failing to analyze additional culminate additional information that would have confirmed Plaintiff's disputes.

18. As a result of Trans Union's willful actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products

including, without limitation, a consolidation loan so that Plaintiff can obtain a better rate on her student loans.

19. As a result of Trans Union's negligent actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products including, without limitation, a consolidation loan so that Plaintiff can obtain a better rate on her student loans.

**FIRST CLAIM FOR RELIEF AGAINST TRANS UNION**

20. The Plaintiff realleges and incorporates ¶¶1-19 above as if fully set out herein.

21. Trans Union willfully violated 15 U.S.C § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

22. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

23. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

24. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n and/or §1681o.

## SECOND CLAIM FOR RELIEF AGAINST TRANS UNION

25. The Plaintiff realleges and incorporates ¶¶1-24 above as if fully set out herein.

26. Trans Union willfully violated 15 U.S.C § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

27. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

28. Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C § 1681o.

29. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n and/or §1681o.

## THIRD CLAIM FOR RELIEF AGAINST TRANS UNION

30. The Plaintiff realleges and incorporates ¶¶1-29 above as if fully set out herein.

31. Trans Union violated 15 U.S.C § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

32. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

33. Trans Union's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

34. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C §1681o.

**FOURTH CLAIM FOR RELIEF AGAINST TRANS UNION**

35. The Plaintiff realleges and incorporates ¶¶1-34 above as if fully set out herein.

36. Trans Union violated 15 U.S.C § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

37. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and

the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

38. Trans Union's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

**TRANS UNION VIOLATED THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK**

**FIFTH CLAIM FOR RELIEF AGAINST TRANS UNION**

39. The Plaintiff realleges and incorporates ¶¶1-38 above as if fully set out herein.

40. Trans Union willfully violated NY GBS § 380-f by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

41. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

42. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in amount to be determined by the Court pursuant to NY GBS § 380-l.

43. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to NY GBS § 380-l.

## SIXTH CLAIM FOR RELIEF AGAINST TRANS UNION

44. The Plaintiff realleges and incorporates ¶¶1-43 above as if fully set out herein.

45. Trans Union willfully violated NY GBS § 380-f on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is un reliable.

46. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

47. Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to NY GBS § 380-l.

48. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to NY GBS § 380-l.

## SEVENTH CLAIM FOR RELIEF AGAINST TRANS UNION

49. The Plaintiff realleges and incorporates ¶¶1-48 above as if fully set out herein.

50. Trans Union violated NY GBS § 380-f by negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

51. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

52. Trans Union's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in amount to be determined by the Court pursuant to NY GBS § 380-m.

53. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to NY GBS § 380-m.

**EIGHTH CLAIM FOR RELIEF AGAINST TRANS UNION**

54. The Plaintiff realleges and incorporates ¶¶1-53 above as if fully set out herein.

55. Trans Union violated NY GBS § 380-f on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

56. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and

the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

57. Trans Union's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to NY GBS § 380-m. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to NY GBS § 380-m.

**PRAYER FOR RELIEF**

Plaintiff, Shamika Daniels prays that this Court:

1. Declare that Defendant violated the FCRA;
2. Enter judgment in favor of Plaintiff Daniels and against Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the FCRA;
3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Shamika Daniels, demands trial by jury.

Respectfully submitted,

Dated: October 22, 2012

**LAW OFFICE OF ABEL L. PIERRE, ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
40 Exchange Place, Suite 2010
New York, New York
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**

**Exhibit A**

**KIRSCHENBAUM & PHILLIPS, P.C.**
Attorneys at Law
3000 Hempstead Turnpike, Fourth Floor
Levittown, New York 11756-1338

(516) 746-1144
FAX (516) 742-2735

May 21, 2009

SHAMIKA DANIELS
612 A JEFFERSON AVE
BROOKLYN NY 11221

Re: Our File No. MC07467
CITIWIDE AUTO LEASING, INC. D/B/A ALL CAR RENTACAR
SHAMIKA DANIELS

Dear SHAMIKA DANIELS:

We are pleased to enclose a copy of a duly executed and acknowledged Satisfaction of Judgment in the above entitled matter, the original of which is being filed in the Clerk's Office.

Very truly yours,

KIRSCHENBAUM & PHILLIPS, P.C.

A-SLD

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No. 139391-08

---------------------------------------------------------X
CITIWIDE AUTO LEASING, INC.

Plaintiff,

- against -

SHAMIKA DANIELS

Defendant.
---------------------------------------------------------X

**SATISFACTION OF JUDGMENT**

Judgment entered on April 27, 2009 for $2,759.71 in favor of Plaintiff:
Plaintiff's Address:
1941 UTICA AVENUE
BROOKLYN, NY,11234

WHEREAS, a judgment was recovered on April 27, 2009 against the defendant(s) in the above entitled action for the sum of $2,759.71 which judgment was on April 27, 2009 duly entered in the judgment book in the office of the Clerk of the above named Court and said judgment has been wholly paid, and it being further certified that there are no outstanding executions with any Sheriff or Marshal of any County of the State of New York, or with any Sheriff or Marshal of the City of New York.

THEREFORE, satisfaction of said judgment is hereby acknowledged, and the Clerk of said Court is hereby authorized and directed to cancel, satisfy and discharge the same.

Dated: May 21, 2009
Defendant(s) Address:
612 A JEFFERSON AVE
BROOKLYN NY 11221

COPY

KIRSCHENBAUM & PHILLIPS, P.C.

By: [signature]
IRWIN S. KIRSCHENBAUM

KIRSCHENBAUM & PHILLIPS, P.C.
3000 HEMPSTEAD TURNPIKE, FOURTH FLOOR, LEVITTOWN, NEW YORK 11756 (516) 746-1144

STATE OF NEW YORK )
COUNTY OF NASSAU )

On May 21, 2009, before me, the undersigned, personally appeared IRWIN S. KIRSCHENBAUM, personally known to me to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person on behalf of which the individual acted, executed the instrument.

SANDY MARQUES
Notary Public, State of New York
No. 01MA6174401
Qualified in Nassau County
Commission Expires Sept. 17, 2011

[signature]
JOANN SOUSA
Notary Public, State of New York
No. 01SO6174399
Qualified in Nassau County
Commission Expires Sept. 17, 2011

MC07467

**KIRSCHENBAUM & PHILLIPS, P.C.**
Attorneys at Law
3000 Hempstead Turnpike, Fourth Floor
Levittown, New York 11756-1338

(516) 746-1144
FAX (516) 742-2735

May 22, 2009

SHAMIKA DANIELS
612 A JEFFERSON AVE
BROOKLYN NY 11221

Re: Our File No. MC07467
CITIWIDE AUTO LEASING, INC. D/B/A ALL CAR RENTACAR

SHAMIKA DANIELS

Account # UTC1717855

Dear SHAMIKA DANIELS:

We are the attorneys for the above named creditor. Our records indicate that the above account is paid in full.

Very truly yours,

KIRSCHENBAUM & PHILLIPS, P.C.

/PIF

**WE ARE DEBT COLLECTORS. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



**Exhibit B**

*** 312471064-024 ***
P.O. Box 2000
Chester, PA 19022-2000

08/01/2012 TransUnion.

P258EN00200120-I001429-147204908

SHAMIKA K. DANIELS
612 JEFFERSON AV APT# A
BROOKLYN, NY 11221

Scan this with your smartphone's QR Reader to find out about an exciting offer from TransUnion.

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of the source of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit http://transunion.com/consumerfaqs .

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| CIVIL JUDGMENT | DOCKET# V13939108KI | VERIFIED, NO CHANGE |
| PAID CIVIL JUDGMENT | DOCKET# V00691909KI | VERIFIED, NO CHANGE |
| CAPITAL ONE AUTO FINANCE | # 6206216567758**** | NEW INFORMATION BELOW |
| CHASE/BANK ONE CARD SERV | # 558250862306**** | NEW INFORMATION BELOW |
| CHASE/BANK ONE CARD SERV | # 540168305101**** | NEW INFORMATION BELOW |
| CHASE/BANK ONE CARD SERV | # 540168302384**** | NEW INFORMATION BELOW |
| CREDIT ONE BANK | # 444796219243**** | NEW INFORMATION BELOW |
| FIRST NATIONAL CREDIT CA | # 423980103069**** | NEW INFORMATION BELOW |
| FIRST PREMIER | # 543362893002**** | NEW INFORMATION BELOW |

File Number: 312471064
Page: 1 of 4
Date Issued: 08/01/2012

Tr i Union.

## -Begin Credit Report-

Special Notes: If any item on your credit report begins with 'MEDICAL-', it includes medical information and the data following 'MEDICAL-' is not di layed to anyone but you except where permited by law.

## Public Records

The following items obtained from public records appear on your report. You may be required to explain public record items to potential creditors. y bankruptcy information will remain on your report for 10 years from the date of the filing. Most other public record information, including discharged chapter 1 ankruptcy, remains for up to 7 years. The amount listed on the public record is not a balance. The amount reflects the original amount of the public record ite

**CIVIL COURT OF THE CITY** Docket #: V00691909KI
141 LIVINGSTON ST
BROOKLYN, NY 11201
(347) 404-9021

**Type:** PAID CIVIL JUDGMENT
**Court Type:** Circuit Court
**Date Filed:** 03/18/2010
**Date Paid:** 06/01/2010

**Responsibility:** Individual Debt
**Plaintiff:** CAPITAL ONE BANK I A NA
**Amount:** $964

**Estimated month and year that this item will be removed:** 02/2020

**CIVIL COURT OF THE CITY** Docket #: V13939108KI
141 LIVINGSTON ST
BROOKLYN, NY 11201
(347) 404-9021

**Type:** CIVIL JUDGMENT
**Court Type:** Circuit Court
**Date Filed:** 04/03/2009

**Responsibility:** Individual Debt
**Plaintiff:** CITIWIDE AUTO LEAS G INC
**Amount:** $2,483

**Estimated month and year that this item will be removed:** 03/2019

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK | 30 | 60 | 90 | 1 |
|---|---|---|---|---|---|---|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 0 days late |

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be repor l for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in brack or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors.

**CAPITAL ONE AUTO FINANCE** #6206216567758****
3905 DALLAS PKWY
DALLAS, TX 75093
(800) 946-0332

**Balance:** $1,522
**Date Verified:** 07/20/2012
**High Balance:** $18,629
**Last Payment:** 05/05/2012

**Pay Status:** Current; Paid c aying as Agreed
**Account Type:** Installment Ac unt
**Responsibility:** Individual Acc nt
**Terms:** $331 per mont paid Monthly for 72 onths
**Date Opened:** 11/17/2006

**Loan Type:** AUTOMOBILE

| Late Payments (48 Months) | 30 | 60 | 90 |
|---|---|---|---|
| | 5 | 2 | 0 |

Last 48 months

| 30 | OK | 30 | 30 | 60 | 30 | OK | 60 | 30 | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | K | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| jun | may | apr | mar | feb | '12 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '11 | dec | nov | oct | ep | aug | jul |
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | K | OK | OK |
| jun | may | apr | mar | feb | '10 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '09 | dec | nov | oct | ep | aug | jul |